IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK CHAPPELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1317 |
| | ) | Judge David Stewart Cercone |
| v. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| ROBERT GILMORE, MARK DIALESANDRO, JUBULANI SIBANDA, and MICHAEL ANDERSON, | ) ) ) | Re: ECF No. 30 |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff Mark Chappell ("Plaintiff") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), and is currently incarcerated at the State Correctional Institution at Greene ("SCI-Greene"). Plaintiff has brought this civil rights actions against Defendants Robert Gilmore ("Gilmore"), Mark DiAlesandro ("DiAlesandro"), Jubulani Sibanda ("Sibanda"), and Michael Anderson ("Anderson") (collectively, "Defendants") alleging that Defendants violated his rights provided by the First and Fourteenth Amendments to the United States Constitution by excluding him from Nation of Islam religious services in retaliation for filing grievances. ECF No. 6.

Presently before the Court is Plaintiff's Motion to Compel Discovery, ECF No. 30, in which he asks the Court to issue an Order directing Defendants Gilmore, DiAlesandro and Sibana to fully answer certain interrogatories that Plaintiff submitted to them in January of 2017. For the reasons that follow, the Motion will be denied.

The scope of discovery permitted by the Federal Rules of Civil Procedure embraces all "relevant information," a concept which is defined in the following terms: "[r]elevant

information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Further, it is well established that "[f]acts are discoverable, the legal conclusions regarding those facts are not." Pilchesky v. Deputy U.S. Marshal Barone, No. 3:14-CV-381, 2016 WL 7118147, at *6 (M.D. Pa. Dec. 7, 2016), *quoting* Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 864 (3d Cir. 1994).

In this case, Plaintiff seeks responses to five questions:

1. "According to Institutional security, define penological Interest?"
   (Gilmore and DiAlesandro Interrogatories No. 3);

2. "Do you know and understand the rights afforded to you by the U.S. Constitution in regards to the Bill of rights?"
   (Gilmore and DiAlesandro Interrogatories No. 4);

3. "When you find that your subordinates are in violation of federal rights, D.O.C. policies and procedures, and protocols, are you required to investigate said violations in totality if you're abreast?"
   (Gilmore and DiAlesandro Interrogatories No. 7);

4. "Does the U.S. Constitution give express rights to its citizens to freely practice His or Her religion?"
   (Gilmore Interrogatory No. 15; DiAlesandro Interrogatory No. 14; Sibanda Interrogatory No. 18);

5. "Is it mandatory for your subordinates (low level staff) to follow Constitutional law (state, federal), policies, procedures, and protocols related to the effective operation at S.C.I. Greene?"
   (Gilmore Interrogatory No. 2).

ECF No. 30-3 ¶¶ 3, 4, 7, 14; ECF No. 30-4 ¶ 2, 3, 4, 7, 15; ECF No. 30-5 ¶ 18.

As argued by Defendants, these questions are largely irrelevant to the issues in this case and are otherwise unclear, overbroad and/or call for legal conclusions. Accordingly, Plaintiff's Motion is DENIED.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: March 22, 2017

cc: Mark Chappell
HY-2452
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

All counsel of record via CM/ECF