IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MARK CHAPPELL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1317 |
| | ) | Judge David Stewart Cercone |
| v. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| ROBERT GILMORE, MARK DIALESANDRO, JUBULANI SIBANDA, and MICHAEL ANDERSON, | ) ) ) | Re: ECF No. 37 |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Mark Chappell ("Plaintiff") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), and is currently incarcerated at the State Correctional Institution at Greene ("SCI-Greene"). Plaintiff has brought this civil rights actions against Defendants Robert Gilmore ("Gilmore"), Mark DiAlesandro ("DiAlesandro"), Jubulani Sibanda ("Sibanda"), and Michael Anderson ("Anderson") (collectively, "Defendants") alleging that Defendants violated his rights provided by the First and Fourteenth Amendments to the United States Constitution by excluding him from Nation of Islam ("NOI") religious services in retaliation for filing grievances. ECF No. 6.

Presently before the Court is Plaintiff's Motion to Compel Discovery, ECF No. 37, in which he asks the Court to issue an Order directing Defendants to disclose certain information and/or documents that Plaintiff requested during the course of discovery. For the reasons that follow, the Motion will be denied.

The scope of discovery permitted by the Federal Rules of Civil Procedure embraces all "relevant information," a concept which is defined in the following terms: "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead

to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Further, it is well established that "[f]acts are discoverable, the legal conclusions regarding those facts are not." Pilchesky v. Deputy U.S. Marshal Barone, No. 3:14-CV-381, 2016 WL 7118147, at *6 (M.D. Pa. Dec. 7, 2016), *quoting* Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 864 (3d Cir. 1994).

In this case, Plaintiff seeks the following documents and/or information:

1. the roster of inmates who were allowed to attend NOI religious services from October 2014 to June 2015 and their religious preferences;

2. the home address of Defendant Michael Anderson;

3. Section 2 of the DOC Religious Activities Policy pertaining to Responsibilities, Staffing and Areas of Functioning.

ECF No. 37.

Defendants have objected to these requests as being either irrelevant to the issues before the Court, creating privacy concerns and security risks or both. The Court agrees. Accordingly, Plaintiff's Motion is DENIED.[1]

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: April 13, 2017

---

[1] The Court, however, notes that, with respect to Defendant Anderson, the Court is taking steps to effectuate service on Plaintiff's behalf.

cc: Mark Chappell
HY-2452
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

All counsel of record via CM/ECF